HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALVIN WILLIAMS,

               Plaintiff,

      v.

FRED MEYER STORES, INC.,

             Defendant.

Case No. C07-5013 RBL

ORDER GRANTING
DEFENDANT'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT

**I.      Introduction.**

This matter comes before the Court on Defendant Fred Meyer Stores Inc.'s ("Fred Meyer") Motion for Summary Judgment (Dkt. #14). Fred Meyer seeks a ruling that Plaintiff Williams has not established a prima facie case under the Americans with Disabilities Act ("ADA") or retaliation or for filing a claim for worker's compensation benefits pursuant to RCW 51.48.025.

Having reviewed the parties' submissions, the Court determines that oral argument is not necessary for the disposition of this motion. The Court hereby GRANTS Defendant Fred Meyer's Motion in part and declines to address the Defendant's Motion in part until the parties provide additional information. The Court requests that the parties provide evidence, if applicable, that there is original jurisdiction over this matter on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The reasons for the Court's order are set forth below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**II.    Background**

The following alleged facts are set forth in the light most favorable to the non-moving party:

Plaintiff Alvin Williams worked for Fred Meyer from November 1995 until April 2006.  Mr. Williams was a good employee and received a number of transfers and promotions for his good work. *See Plaintiff's Response*, p. 1; Exhs. J, K, L to Declaration of Eric J. Fjelstad (Dkt. # 31).   Mr. Williams' last job with Fred Meyer was as a Garden Center Manager at the Hazel Dell store.  His job responsibilities included lifting garden supplies.  In February 2006, Mr. Williams received leave to have hernia surgery.  He returned to work on March 26, 2006 without any restriction.  In fact, the plaintiff talked his doctor into releasing him early for work and without any restrictions.  *See Plaintiff's Response,* p. 4 (Dkt. #31).  Mr. Williams felt compelled to return to work because he felt that his job was in jeopardy.  *Id*.

When Mr. Williams returned to work, he told the Hazel Dell store manager, Vic Hunsucker, that he had a 15-pound lifting restriction but provided no documentation to reflect this restriction.  Even though Mr. Williams had no formal lifting restrictions, Mr. Hunsucker agreed that he would not ask Mr. Williams to lift more than 15-pounds.  *Id*., p. 5 (Dkt. #31).

On April 1, 2006, Mr. Williams injured his shoulder while lifting 50-pound bags of sod and emptying them into garbage cans.  He subsequently approached Robin McDonald, Assistant Home Department Manager, about filing for workers' compensation.  She refused to fill out the forms for him.  Mr. Williams finally completed the forms with another Hazel Dell store manager and filed them with the Washington State Department of Labor & Industries.

Mr. Williams was eventually terminated on April 28, 2006 for violating the "no call, no show" policy and missing three shifts of work..  Mr. Williams was unable to call Fred Meyer prior to these shifts

because he was arrested on April 23, 2006.  He had his girlfriend call the store the day he was arrested.[1]

Fred Meyer requires that either the employee or spouse can call the store and provide notice of missing

work.  In addition, Fred Meyer only allows for an exception to the "no call, no show" policy in cases of

emergency medical issues, which was not the case here.

**III.    Discussion.**

    **A.    Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-

moving party, there is no genuine issue of material fact which would preclude summary judgment as a

matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the

non-moving party fails to present "specific facts showing that there is a genuine issue for trial." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of

the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216,

1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are

irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986).  This Court does not weigh the evidence or determine the truth of the matter, but

only determines whether there is a genuine issue for trial. *Id.* at 249.  In other words, "summary judgment

should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder]

could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

    **B.    The Plaintiff Failed to Establish that He was "Disabled" Under 42 U.S.C.**

        **§ 1201(2)(A)**

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a

---

[1] The fact that the plaintiff's girlfriend called is insufficient according to Fred Meyer policies.  Fred

Meyer is stringent in its policy and does not permit non-employee, non-spouses to call on behalf of employees

in order to comply with the "no call, no show" policy.

disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees." *See* 42 U.S.C. § 12112(a).  The definition of the term "discriminate" includes "using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability...unless the standard, test or other selection criteria...is shown to be job-related for the position in question and is consistent with business necessity." *See* 42 U.S.C. § 12112(b)(6).

Furthermore, the term "disability" is defined as a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." *See* 42 U.S.C. § 12102(2)(A).  To be substantially limited in performing manual tasks, so as to be "disabled" under the ADA, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives.  Additionally, the impairment must also be permanent or long-term. *Id.*; 29 C.F.R. § 1630.2(j)(2)(ii, iii); *Toyota Motor Mfg., Kentucky, Inc. v Williams*, 534 U.S. 184, 192-93 (2002).

The Plaintiff's hernia's surgery which resulted in a lifting restriction[2] is not a physical impairment that has a substantial limit of major life activities.  The courts in the Ninth Circuit have consistently ruled that lifting restrictions do not constitute a disability for purposes of satisfying the ADA's definition of "disability." *See Fox v. Delta Airlines, Inc.*, 33 Fed. Appx. 842 (9th Cir. 2002)(Airline employee was not "disabled" because of her lifting restrictions because it did not substantially limit major life activities of performing manual tasks or working); *Kersey v. Costco Wholesale Corp.,* 32 Fed. Appx. 351 (9th Cir. 2002)(Neither twisting, lifting, bending, kneeling, or reaching restrictions substantially limited major life activities thus is not a "disability" covered by the ADA); *Thompson v. Holy Family Hosp.* 121 F.3d 537

---

[2] The Plaintiff's argument of a lifting restriction is speculative.  When Plaintiff returned to work on March 26, 2006, he was released to work without any lifting restrictions.  The Plaintiff himself provided Fred Meyer with the full release note. (Exh. 3 to Hunsucker Decl.)(Dkt. #14).

ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT          4

(9th Cir. 1997)(Employee's inability to lift more than 25 pounds on a continuous basis, more than 50 pounds twice a day, or more than 100 pounds once a day is not a "disability" under the ADA).

Even if the plaintiff was able to establish that he is disabled under the provisions of the ADA, his conduct following his surgery demonstrated that he lacked a substantial limitation, let alone a permanent or long-term impairment.  Mr Williams underwent hernia surgery in February 2006.  Williams Depo, 62:1-9 (Exh. A to Fjelstad Decl)(Dkt. #31).  Despite the advice from the plaintiff's doctor to take five or six weeks off from work following the surgery, the plaintiff himself asked him to shorten the time.  *See Plaintiff's Response*, p. 4 (Dkt. #31).  Additionally, the plaintiff "talked his doctor into providing him with a complete release, despite the doctor's belief that he should be restricted to a 15-pound lifting limit."  *Id*.

Based on the foregoing reasons, the plaintiff's claim under the ADA is without merit.

## C.    The Court Declines to Address to the Retaliation Claim Until the Parties Provide Proof of Original Jurisdiction

As a consequence of granting the Defendant's Motion for Summary Judgment on the basis of the plaintiff's ADA claim, the plaintiff may not take advantage of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 unless the plaintiff can show an independent basis for original jurisdiction over the remaining claim.  The Court lacks original jurisdiction over the matter on the basis of 28 U.S.C. § 1331 ("federal question") but may have an independent basis under 28 U.S.C. § 1332 ("diversity of citizenship").  Because the plaintiff has not provide information of the parties' residences, it is unclear whether the remaining claim can remain in this Court.

## IV.  Conclusion

Based on the foregoing reasons, the Court hereby GRANTS the Defendant's Motion for Summary Judgment with respect to the plaintiff's ADA claim.

1
2
3
4

     With respect to the remaining Washington state claim, the parties have until **Friday, January 11 at 4:30 p.m. PST** to provide evidence that this Court has original jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332.

5
6     IT IS SO ORDERED

7     DATED this 4th day of January 2008.

8
9
10
11

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT    6