HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALVIN WILLIAMS,

        Plaintiff,

    v.

FRED MEYER STORES, INC.,

        Defendant.

Case No. C07-5013 RBL

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BUT PERMITTING AMENDMENT TO COMPLAINT AND GRANTING DEFENDANT'S MOTION FOR A SETOFF AGAINST DAMAGES

**I.    Introduction.**

This matter comes before the Court on Defendant Fred Meyer Store Inc.'s ("Fred Meyer") Motion for Order Granting Setoff For Damages (Dkt. #23).  The Defendant requested that in the event that the Court does not grant its summary judgment motion in the entirety that the Court consider a setoff for damages.

Fred Meyer filed this motion concurrently with its Motion for Summary Judgment (Dkt. #14). After considering the materials submitted for that motion, the Court granted partial summary judgment and asked the parties to provide evidence that this case had original jurisdiction in federal court, pursuant to 28 U.S.C. § 1332 ("diversity jurisdiction).

The Court received declarations from the Plaintiff and his attorney Eric Fjelstad (Dkt. #43 and 44, respectively).   This Court has original jurisdiction over the remaining claim for retaliation.  The Court will

ORDER - 1

now address the remaining claim and related issues including: whether summary judgment is appropriate for the remaining statutory claim and whether to grant a setoff for damages.

Based on the reasons set forth below, the Court hereby GRANTS the Defendant's Motion for Summary Judgment. The Court is granting summary judgment for the remaining statutory claim but is permitting the Plaintiff to amend his Complaint. The Court also GRANTS the Defendant's Motion for Granting a Setoff Against Damages.

**II.   Background**

The following alleged facts are set forth in the light most favorable to the non-moving party:

Plaintiff Alvin Williams worked for Fred Meyer from November 1995 until April 2006. Mr. Williams was a good employee and received a number of transfers and promotions for his good work. *See Plaintiff's Response*, p. 1; Exhs. J, K, L to Declaration of Eric J. Fjelstad (Dkt. # 31). Mr. Williams' last job with Fred Meyer was as a Garden Center Manager at the Hazel Dell store. His job responsibilities included lifting garden supplies. In February 2006, Mr. Williams received leave to have hernia surgery. He returned to work on March 26, 2006 without any restriction.

On April 1, 2006, Mr. Williams injured his shoulder while lifting 50-pound bags of sod and emptying them into garbage cans. He subsequently approached Robin McDonald, Assistant Home Department Manager, about filing for workers' compensation. She reacted to his request by muttering "Great," slamming her fist on a table, and walking away. Robin MacDonald Deposition Transcript, 29:21-30:12 (Exh. D to Fjelstad Decl.)(Dkt. #31). Mr. Williams finally completed the forms with another Hazel Dell store manager and filed them with the Washington State Department of Labor & Industries.

Mr. Williams was eventually terminated on April 28, 2006 for violating the "no call, no show" policy and missing three shifts of work.. Mr. Williams was unable to call Fred Meyer prior to these shifts because he was arrested on April 23, 2006. He did, however, have his girlfriend call the store the day he

was arrested.[1] Fred Meyer requires that either the employee or spouse can call the store and provide notice of missing work. In addition, Fred Meyer only allows for an exception to the "no call, no show" policy in cases of emergency medical issues, which was not the case here.

## II. Discussion.

### A. Summary Judgment Standard.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial. *Id.* at 249. In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B. The Plaintiff's Filing of a Worker's Compensation Claim was Untimely

The Plaintiff asserted a claim of retaliation under Wash.Rev.Code § 51.48.025 ("RCW") for filing for worker's compensation. In Washington, the statutory remedy for the retaliatory discharge of an employee for filing a claim for workers' compensation requires a person to file a complaint with the

---

[1] The fact that the plaintiff's girlfriend called is insufficient according to Fred Meyer policies. Fred Meyer is stringent in its policy and does not permit non-employee, non-spouses to call on behalf of employees in order to comply with the "no call, no show" policy.

ORDER                                          3

Department of Labor & Industries ("DLI") within 90-days from his termination. The statute reads, in relevant part: "an employee who believes that he or she has been discharged or otherwise discriminated against...may file a complaint with the director alleging discrimination within ninety days of the date of the alleged violation. RCW 51.40.025(2).

Even though the statute indicates that a person "may" file a complaint with the Director of DLI, Washington courts have interpreted this provision as a condition precedent for pursuing a statutory remedy under Title 51. *See Cantu v. Sanitary Transp., Inc.,* No. 50714-1I, 2003 WL 1823468 at *2 (Wash. Ct. App. April 7, 2003)(the Court affirmed the district court's conclusion that the plaintiff's claim under Title 51 was properly precluded because the plaintiff failed to comply with the filing requirements under the statute); *Moran v. Washington Fruit & Produce*, 60 Wash.App. 548, 550, 804 P.2d 1287 (1991)(the court affirmed the district's court's dismissal of summary judgment because the plaintiff had not exhausted his administrative remedies under RCW 51.48.025(2)).

In this case, the Plaintiff's filed an untimely Complaint with DLI on September 11, 2006, nearly eight months after he allegedly suffered from retaliation. Because he was terminated on April 28, 2006, he had to file his complaint no later than July 27, 2006. As a consequence of this untimely filing, the Plaintiff cannot pursue a claim under RCW 51.48.025.

**C. The Court Requests the Plaintiff Amend His Complaint**

The Plaintiff has asked for an opportunity to recast his claim as one of a common law wrongful discharge claim. *See Plaintiff's Response* (Dkt. # 31, p. 2, n. 1). In light of the fact the statutory and common law remedies are similar, the Court is inclined to permit amendment without formal motion.

Federal Rule of Civil Procedure 15 provides that a Court will allow a party to amend his complaint when justice so requires. Absent some compelling reason to the contrary, the Court should allow such amendments. In this case, a common law claim for retaliatory discharge is identical to the statutory claim under Title 51. The Defendant would not suffer any prejudice because the elements of these claims and the

ORDER 4

allowable remedies are the same.[2]

**D. There is a Genuine Issue of Material Fact Notwithstanding the Untimeliness of the Plaintiff's Filling with DLI**

1. The Plaintiff's Prima Facie Case

To demonstrate a prima facie case for common law retaliatory discharge, the plaintiff must prove that he filed a claim for worker's compensation, that he was discharged, and that there is a causal connection between the filing of a claim for benefits and his termination. *See Wilmot v. Kaiser Aluminum,* 118 Wash.2d 46, 77, 68, 821 P.2d 18 (1991).

The Defendant concedes that the Plaintiff can demonstrate two of the three elements in the prima facie case for wrongful discharge. (Dkt. # 14, p. 20). The remaining element in dispute is whether the Plaintiff's filing of a worker's compensation claim and adverse employment action are causally connected. The Plaintiff has demonstrated a genuine issue of material fact on this final element: the plaintiff's request for worker's compensation benefits on April 2, 2006 and his termination 24 days later, which is sufficient as a matter of law to let this case proceed with trial. *See Passantino v. Johnson & Johnson Consumer Prods., Inc.,* 212 F.3d 493, 507 (9th Cir. 2000)(where adverse employment actions are taken within a reasonable time period after the employee engages in a protected activity, retaliation may be inferred). Timing alone is enough to let a case go to a jury. *Id.*

2. Plaintiff's Showing of Pretext

There is also a genuine issue of material fact with respect to whether the Defendant's reasons for terminating the Plaintiff were pretextual. The deposition testimony of the plaintiff and Rose Campbell, a longtime Fred Meyer employee, contain sufficient admissible evidence to support the claim that the "no

---

[2]*See Wilmot*, 118 Wash.2d at 54 ("RCW 51.48.025 is not mandatory and exclusive; a worker may file a tort claim for wrongful discharge based upon allegations that the employer discharged the worker in retaliation for having filed or expressed an intent to file a workers' compensation claim, independent of the statute."

ORDER                                5

call, no show" policy was ambiguous and not uniformly applied. This evidence, which the Court must accept as true for purposes of this motion, establishes a genuine issue of material fact.

### III. Motion for Setoff of Damages

The Defendant requested a setoff against damages if this Court denies summary judgment on the retaliation claim. Because the plaintiff filed and receives workers' compensation benefits under the Industrial Insurance Act, codified in RCW 51, the Defendant asks the Court to grant a setoff for some of his lost wages that he seeks in the lawsuit. The Plaintiff does not oppose this motion. The Court, therefore, permits a setoff for damages in the amount of $34,981.02 against lost wages through October 31, 2007.

### IV. Conclusion

Based on the foregoing reasons, the Court hereby GRANTS the Defendant's Motion for Summary Judgment. Additionally, the Court GRANTS the Defendant's Motion for a Setoff Against Damages with respect to the plaintiff's retaliatory claim.

The Court requests the Plaintiff amend his claim within 10-days of this order. The Court will retain jurisdiction over this matter, provided that the Plaintiff amends his Complaint within the 10-day period.

IT IS SO ORDERED this 14th day of January 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE