HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALVIN WILLIAMS,

          Plaintiff,

    v.

FRED MEYER STORES, INC.,

          Defendant.

Case No. C07-5013 RBL

ORDER OF DISMISSAL

      This matter is before the court on the Defendant's Motion for Reconsideration [Dkt. # 49] of the court's January 14, 2008, Order granting Summary Judgment on Plaintiff's statutory state law worker's compensation claim. The Order also permitted the Plaintiff to amend his complaint to add a state common law wrongful discharge claim. [Dkt. # 47].   The Defendant argues, correctly, that if the Plaintiff cannot establish that this court has diversity jurisdiction over his claims, all concerned run the risk that a party unsatisfied with the result here will have the ability to subsequently challenge the court's subject matter jurisdiction, and to seek a different and better result in state court.

      Defendant's concern results from the fact that Defendant is a citizen of Oregon for purposes of diversity jurisdiction, and Plaintiff's citizenship is an open question.   Plaintiff's initial Complaint stated that Plaintiff Williams "was at all material times a resident of the State of Washington," [Dkt. # 1 at Para. 3], and that he was "a citizen of Washington." [Dkt. # 1 at Para. 5].   At that time, the court's jurisdiction was based on the existence of a federal question (28 U.S.C. §1331), specifically plaintiff's ADA claim.

      The court dismissed the federal ADA claim on Summary Judgment [Dkt. # 42], and sought the parties'

ORDER - 1

input on the court's diversity jurisdiction over the remaining state law claims. The court indicated it was not inclined to exercise supplemental jurisdiction over the statutory state law claim under 28 U.S.C. §1367.

In response to the court's request, both parties suggested that the court did have diversity jurisdiction over the remaining claim under 28 U.S.C. §1332, though for differing reasons. The jurisdictional requirements of 28 U.S.C. §1332 are familiar:

**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- **(1)** citizens of different States[.]

In an effort to show jurisdiction and in Response to the court's request, Plaintiff filed the Declaration of his attorney. This document outlined his "understanding" that Fred Meyer Stores was an Ohio corporation and that it was not otherwise a "citizen" of Washington. [Dkt. # 43]. He supported this claim with evidence from the Washington Secretary of State demonstrating that Defendant Fred Meyer Stores is an Ohio corporation. The Declaration does not address Defendant's principal place of business, or its presence in Oregon at all.

Plaintiff also filed his own Declaration stating unequivocally (though in contrast to his earlier complaint) that he was at all relevant times a resident of Oregon. [Dkt. # 44]. He did not address the finer point of his "citizenship" for purposes of this court's jurisdiction. The import of these filings was apparently that diversity jurisdiction existed between the Oregon Plaintiff and the Ohio Defendant.

At about the same time, Defendant filed a brief "confirming there [was] diversity jurisdiction," based on the Plaintiff's allegation (in his complaint) that he was "at all material times a citizen of Washington," and its own allegation that Defendant Fred Meyer Stores has its principal place of business in Oregon. [Dkt. # 45] In support of the latter allegation, Defendant submitted a Declaration providing evidence that Defendant is a citizen of Oregon for diversity jurisdiction purposes. [Dkt. # 46].

Finding, perhaps incorrectly, that diversity jurisdiction existed, the court then granted the Defendant's Motion for Summary Judgment on the state law statutory worker's compensation claim.

ORDER    2

[Dkt. # 47]. It found that the claim was not timely filed; a conclusion which the court is convinced is correct, and which the plaintiff does not strenuously dispute. Instead, Plaintiff sought, and was granted, leave to amend his complaint to recast his state law claim as a common law one for wrongful discharge. That request was granted and plaintiff filed an amended complaint. [Dkt. # 48]

The amended complaint alleges not only that Plaintiff is a "resident of Oregon" (a fact not necessarily inconsistent with a Washington domicile, and not necessarily fatal to this court's jurisdiction), but also that he was "a citizen of Oregon." [Dkt. # 48, at paragraphs 2 and 4, respectively].

Defendant's Motion for Reconsideration points out the issue and the potential problem, and asks the court to require the Plaintiff to demonstrate his citizenship. The goal of this exercise would be to ensure that Plaintiff (or Defendant) does not have the ability to later claim that the resolution of the case here is not binding, because the court did not have jurisdiction over the claim alleged in the amended complaint. Plaintiff's Response to the Motion does not address his citizenship or domicile, but instead simply suggests that the court should exercise its supplemental jurisdiction over the new claim under 28 U.S.C. § 1367.

The court will not exercise supplemental jurisdiction over the claim. The ADA claim conferring jurisdiction was properly dismissed before Plaintiff's state law wrongful discharge claim arrived in the case.

It is initially tempting to require the Plaintiff to definitively answer the lingering question of his domicile and his citizenship for purposes of diversity jurisdiction. At the same time, however, it is clear that the Plaintiff bears the burden of demonstrating the court's jurisdiction, and that his amended complaint facially does not do so. He has failed in numerous opportunities[1] to be clear on this issue, or to explain the discrepancies in his various submissions. Instead, he has claimed without factual support that Defendant is

---

[1] It should be noted that one of these missed opportunities was the Plaintiff's Response to the Motion for Reconsideration [Dkt.# 51], which was not requested and was therefore not permitted. *See* Local Rule 7(h)(3).

ORDER                                    3

a citizen of (only) Ohio.

Even if Plaintiff now claimed to be a domiciled in Washington, he is saddled with his claim that he is a resident and citizen of Oregon – a fact which would defeat this court's diversity jurisdiction over the remaining state law claim. Requiring additional information on this topic would put the court in the unusual and untenable position of either seeking confirmation of the amended complaint's fatal jurisdictional allegation, or giving the Plaintiff yet another chance to contradict himself in an effort to confer jurisdiction.

The court will do neither. The Plaintiff has not met his burden of demonstrating that the court has subject matter jurisdiction over the claim in his amended complaint under 28 U.S.C. §1332; he has demonstrated that the opposite is true. For that reason, the Defendant's Motion for Reconsideration [Dkt. # 49] is GRANTED, and Plaintiff's Amended Complaint [Dkt. # 48] is DISMISSED without prejudice.

The Defendant's (conditional) Motion for Summary Judgment on the new claim [Dkt. # 50] and the parties' Stipulated Motion for a Continuance [Dkt. # 52] are STRICKEN as moot.

IT IS SO ORDERED.

Dated this 31st of January 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE